UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA

v.

KAREEM BAILEY

Case No. 14-cr-0050

**OPINION ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**

(COMPASSIONATE RELEASE)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, **IT IS ORDERED** that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

    ☐    This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of ___ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

    _____

    _____

    _____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____
_____
_____
_____
_____
_____
_____
_____

☐ DEFERRED pending supplemental briefing and/or a hearing. The Court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☑ **DENIED** after complete review of the motion on the merits.

    ☑ **FACTORS CONSIDERED**

Section 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, provides:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf

or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

Under 18 U.S.C. § 3582(c)(1)(A), a court may exercise its discretion and grant a defendant's motion to reduce his term of imprisonment if it finds that (1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction *See United States v. Rivera*, No. 06-849, 2022 WL 1284717, at *1 (D.N.J. Apr. 29, 2022). A defendant may show extraordinary and compelling reasons for release under the following six enumerated circumstances: (1) medical circumstances, (2) age of the defendant, (3) family circumstances of the defendant, (4) victim of abuse, (5) other reasons, and (6) unusually long sentence. U.S.S.G. § 1B1.13.

Extraordinary and compelling reasons exist for the following family circumstances:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "*immediate family member*" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(3) (emphasis added).

Once a court finds that "extraordinary and compelling reasons" are present, a court must still consider whether the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, weigh in favor of a defendant's release. 18 U.S.C. § 3582(c)(1)(A); *see, e.g., United States v. Pawlowski*, 967 F.3d 327, 329-30 (3d Cir. 2020). These factors include in relevant part:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct; [and]
>>
>> (C) to protect the public from further crimes of the defendant; ... [and]
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the sentencing range established for [ ] the applicable category of offense;
>
> (5) any pertinent policy statement;
>
> (6) the need to avoid unwarranted sentence disparities;
>
> (7) the need to provide restitution to any victims of the offense

18 U.S.C. § 3553(a).

In his second motion for compassionate release, (ECF No. 1207), Defendant Bailey maintains that the following factors warrant compassionate release: (1) his mother, who has a number of medical conditions, is unable to take care of herself; (2) he received an "unusually long sentence," and the Third Circuit's holding in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), invalidates Bailey's conviction and sentence; (3) his age at the time of the drug conspiracy offense; and (4) his post-sentence rehabilitation. (Def. Br., ECF No. 1207 at 1–7).

The Government maintains that Bailey has failed to meet his burden to show an extraordinary and compelling reason to justify his release. (Gov. Br., ECF No. 5–22). Specifically, the Government argues that Bailey has not established that his mother is incapacitated or that he

is the only capable caregiver. (Gov. Br., ECF No. 1221 at 5–6). The Government also notes the subsection Bailey relies on to argue that his sentence is unusually long is invalid and even if it were valid, Bailey cannot establish that the sentence he received is unusually long or grossly disparate to the sentence he might receive today. (*Id*. at 10). Finally, the Government argues that Bailey's youthful age was already considered at the time of his sentencing and in his first motion for compassionate release. (*Id*. at 22).

The Court incorporates the background set forth in its opinion on Bailey's first motion for compassionate release into its analysis, except to add the following. (ECF No. 1178). On December 12, 2022, this Court denied Bailey's first motion for compassionate release for failure to present extraordinary and compelling reasons for his release. Upon review of Bailey's motion, the Court finds that Bailey has again failed to meet his burden to show extraordinary and compelling reasons for compassionate release.

First, Bailey fails to put forward any competent evidence that his mother is incapacitated other than to simply recite his mother's alleged medical conditions. *See United States v. Doolittle*, No. 19-501, 2020 WL 4188160, at *3 (D.N.J. July 21, 2020) ("Doolittle has presented no medical documentation or other competent evidence demonstrating that his wife is incapacitated. He argues that she has difficulty handling daily tasks on her own and is desperate for him to return home, but there is no indication that she is unable to care for herself or that she is immobile."); *United States v. Striganivicz*, No. 95-271, 2023 WL 4868100, at *2 (E.D. Pa. July 31, 2023) ("Defendant only proffers evidence that his elderly father and stepmother need assistance with daily activities—which, in and of itself, is not sufficient to demonstrate an extraordinary or compelling reason for release."); *United States v. Dunich-Kolb*, No. 14-150, 2020 WL 6537386, at *8 (D.N.J. Nov. 5, 2020) ("[The defendant's] mother has a number of chronic conditions; she is not hospitalized, but does concededly require significant care. The question becomes whether the unavailability of [the defendant] to provide such care rises to the level of extraordinary and compelling circumstances. I conclude that it does not.").

Bailey also does not establish that he is the only available caretaker other than to state as much in conclusory fashion and state that he could help his mother with daily tasks. (Def. Br., ECF No. 1207 at 1); *see Dunich-Kolb*, 2022 WL 580919, at *8 (emphasis in the original) ("One common thread, whether relief is granted or denied, is the requirement that the prisoner be the *only* person available to provide care to a seriously ill relative.") ; *Striganivicz*, 2023 WL 4868100, at *1 (emphasis in the original) (quotation and internal quotation marks omitted) ("[J]udges in [this district] have denied motions for compassionate release premised on sick or elderly parents in the absence of strong evidence the petitioner is the *sole* individual capable of caring for the parent."); *United States v. Laforte*, No. 19-256, 2022 WL 44747, at *5 (W.D. Pa. Jan. 5, 2022) ("Defendant has not provided sufficient evidence to establish that he is the only available caregiver for his parents as he has a brother who lives in the area."). As such, Bailey fails to establish this factor is a basis for compassionate release.

Next, Bailey relies on United States Sentencing Guideline § 1B1.13(b)(6) to argue that his sentence was "unusually long," thus, presenting extraordinary and compelling reasons for compassionate release. (Def. Br., ECF No. 1207 at 2). The policy statement relating to unusually long sentences in the Guideline provides:

> (6) Unusually Long Sentence. If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Yet, the policy statement contains an express limitation that nonretroactive changes in law, except as provided in (b)(6), cannot constitute an extraordinary and compelling reason:

> (c) Limitation on Changes in Law. Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c). Thus, though the rehabilitation of a defendant, by itself, cannot be an extraordinary and compelling reason, it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d) (citing 28 U.S.C. 994(t)).

  Here, Bailey maintains, relying on *United States v. Nasir*, 17 F.4th 459 (3d Cir. 2021), which held that inchoate crimes like attempt are not predicate offenses for career offender status, that if he was sentenced today, he would face a lower advisory guideline range because he would not be classified as a career offender. (Def. Br., ECF No. 1207 at 2). But as the Government notes, Bailey's 241-month sentence was not based on "career offender" status, but the total offense level given the amount of heroin involved in the drug conspiracy and its proximity to a public housing complex and Bailey's criminal history category. (Gov. Br., ECF No. 1221 at 11). As such, the subsection does not apply to Bailey. And to the extent that Bailey relies on *Nasir* to argue a legal error in his sentence not previously raised, a claimed error does not provide extraordinary and compelling reasons for a sentence reduction. *See United States v. Amato*, 48 F.4th 61, 65 (2d Cir. 2022) (explaining "arguments challenging the validity of an underlying conviction cannot be raised in a § 3582 motion as part of the § 3553(a) sentencing factors. Rather, such arguments are properly raised on direct appeal or collateral review pursuant to 28 U.S.C. § 2255).

  Nonetheless, even if the subsection applied, in *United States v. Andrews*, 12 F.4th 255, 260–61 (3d Cir. 2021), the Third Circuit Court of Appeals explained that subsequent, nonretroactive changes to the law affecting sentencing do not create an extraordinary and

compelling reason for compassionate release. And recently, the Third Circuit held that the amended policy statement in United States Sentencing Guideline § 1B1.13 does not abrogate *Andrews*. The Court explained, "subsection (b)(6) in the amended Policy Statement, as applied to the First Step Act's modification of § 924(c), conflicts with the will of Congress and thus cannot be considered in determining a prisoner's eligibility for compassionate release." *Id.* at 376.

Thus, even assuming, that Bailey would benefit from a subsequent, nonretroactive change in the law, it cannot constitute an extraordinary and compelling reason for compassionate release as a matter of law. *See United States v. Wilson*, No. 14-209-1, 2024 WL 4793713 (E.D. Pa. Nov. 14, 2024) (internal citation omitted) ("[S]ubsection (b)(6) in the amended Policy Statement, as applied to the First Step Act's modification of § 924(c), conflicts with the will of Congress and . . . cannot be considered in determining a prisoner's eligibility for compassionate release."); *United States v. McDaniels*, No. 11-200, 2025 WL 19007, at *4–6 (W.D. Pa. Jan. 2, 2025) (same).

Lastly, Bailey's age and rehabilitation efforts are not extraordinary and compelling reasons for his compassionate release. Though Bailey has completed educational classes while incarcerated, it is insufficient to justify release. Similarly, Bailey's age does not provide a basis for release as it was already considered in granting a downward variance and in his first motion for compassionate release. *See* (ECF No. 1178); *see also United States v. Rivera*, No. 06-849, 2022 WL 3152654, at *3 (D.N.J. Aug. 8, 2022) ("With respect to Defendant's age at the time that he committed his offense, this Court already took Defendant's age into account at the time of Defendant's sentence and thus it does not present a reason now for compassionate release.").

Notwithstanding the Court's finding that Defendant has failed to present extraordinary and compelling reasons for compassionate release, the Court will nonetheless weigh the factors set forth in 18 U.S.C. § 3553(a).

The Court finds that not only has Defendant failed to show, extraordinary and compelling reasons for compassionate release, but also that consideration of the above § 3553(a) factors weigh sharply in favor of denying his motion for compassionate release.

First, as to the nature and circumstances of the offense and the history and characteristics of the defendant, as the Court previously noted, the size and sophistication of the drug distribution scheme underscored the seriousness of Bailey's offense. (ECF No. 1178 at 13).

The Court finds that Defendant's history and characteristics also weigh against compassionate release given, again as the Court previously noted, Bailey not having any prior work history and a high risk of recidivism. (*Id.*).

In that regard, the Court finds that because the sentence imposed is necessary to reflect the seriousness of the offense, criminal history of Defendant, to deter future criminal conduct, and to protect the public from further crimes, Defendant's release is not warranted.

For the foregoing reasons, Defendant's Motion for Compassionate Release, (ECF No. 1207) is **DENIED**.

<table>
<tr><td>January 8, 2025<br>Date</td><td>s/Christine P. O'Hearn<br>Christine P. O'Hearn<br>U.S. District Judge</td></tr>
</table>